# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## BUEK V. NANCE.

### March 9, 1911.

1. PUBLIC OFFICERS—*Action for Reward.*—A deputy sergeant of a city, who, as jailer, has custody of a prisoner, and obtains from him a confession which leads to the recovery and restoration of stolen property, cannot recover a reward offered therefor. Both public policy and sound morals forbid that he should be permitted to demand or receive any fee or reward therefor. other than the compensation allowed by law for such service. The case is not within the exception made by section 1017-a of the Code in behalf of members of the police force of cities and towns.

Error to a judgment of the Law and Equity Court of the city of Richmond, in an action of assumpsit.   Judgment for the plaintiff.   Defendant assigns error.

                                                *Reversed.*

The opinion states the case.

*Scott, Buchanan & Cardwell,* for the plaintiff in error.

*M. L. Spotswood* and *B. T. Barret,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The material facts of this case sufficiently appear from the allegations of the declaration—an action of assumpsit brought by the defendant in error against the plaintiff in error to recover $1,000 reward.

The declaration alleges that the defendant published in certain newspapers in the city of Richmond the following advertisement: "$1,000.00 reward and no questions asked

for the return intact of a box containing jewels and money taken from the drawing-room of Pullman Car No. 3, from New York to Richmond, arriving in Richmond 7:50 A. M., Friday, December 4. Communicate with Mrs. S. W. Buek, 824 west Franklin street"; that afterwards, on December 9, 1908, the plaintiff discovered and returned to the defendant the box of jewels and money in the following manner: That one Sam Tucker, on the date named, was a prisoner in the jail of the city of Richmond, in the custody of the plaintiff, who, as deputy sergeant of the city, was jailer thereof; that while Sam Tucker was "a prisoner in the jail of said city and in the custody of the sergeant of said city and his deputy, being the said plaintiff, he obtained and procured from his prisoner a confession that he had taken the box and its contents and concealed it at his (the prisoner's) house. Thereupon he informed the chief of police of the city of the confession, and requested that an officer might be sent to him at the jail to take possession of the box." An officer was sent accordingly, and Tucker, having been placed in his custody, was taken to his house, where, by direction of the prisoner, the box with the jewels and money was recovered and returned to the defendant. Whereupon, the declaration concludes, "the defendant became indebted to the plaintiff in the sum of $1,000.00."

There was a demurrer to the declaration, the only ground of which that we deem it necessary to notice being that the averments show that the plaintiff obtained the confession from Tucker while in his charge as an officer of the law, to-wit: as jailer of the city of Richmond, and, consequently, that he was not entitled to recover the reward.

The lower court overruled the demurrer, and upon a plea of non-assumpsit the jury returned a verdict for the plaintiff for $1,000.00, upon which verdict the judgment complained of was entered.

The question for our determination, therefore, is whether

a jailer, having in his custody a party suspected of having stolen property, and who procures from his prisoner a confession which leads to its recovery, is entitled to the reward?

The principle is well settled, upon considerations of public policy, that an officer cannot lawfully receive, or recover, a reward for the performance of a service which it is his duty to discharge. Mechem on Pub. Officers, sec. 861.

Many authorities, both English and American, are assembled in notes to the case of *Summerset Bank* v. *Edmunds,* 10 Am. & Eng. Ann. Cas. (76 Ohio St. 396) 726, 81 N. E. 641. In the principal case the general doctrine was admitted, but it was sought to remove the case from the influence of the rule on the theory that a constable (suing to recover a reward for the arrest of parties charged with felony) made the arrest without a warrant, and, therefore, was acting not in his official character, but simply as a private citizen, incited to activity by offer of the reward. The court, however, declined to adopt that view, and held that the constable was but performing his duty as a public officer, and both public policy and sound morals forbade that he should be permitted to demand or receive any fee or reward therefor other than the compensation allowed by law for such service.

In the well-considered case of *Matter of Russell,* 51 Conn. 577, 50 Am. Rep. 55, the court denied such recovery to a constable and police officer for obtaining and giving information which led to the detection and conviction of a party charged with burglary and assault. The court held that though there was no ordinance of the city or anything in the rules and regulations of the police commissioners which in express terms made it the duty of policemen to make inquiry or search for evidence or information which would lead to the detection and conviction of criminals, nevertheless, the obli-

gation arose by implication from their general duties as members of the police department. And the decision concludes that "A policeman, who, whether on duty or off duty, obtains within the territorial jurisdiction of the police department information which will lead to the conviction of perpetrators of crime therein, is bound, without other compensation or reward than that given by the law, to communicate it to the chief of police . . . To withhold such information would be a flagrant breach of duty, and should subject the delinquent policeman, if to no greater punishment, to summary expulsion from office."

It is true an exception to the general rule, that an officer cannot receive a reward for the discharge of a public duty with respect to the arrest and detention of a criminal, is made by statute in Virginia in behalf of members of the police force of cities and towns. Va. Code, 1904, sec. 1017-a, prescribing the duties of such officers, declares: "(4) Nothing contained in this act shall be construed as prohibiting a policeman from claiming and receiving any reward which may be offered for the arrest and detention of any offender against the criminal laws of this or any other Commonwealth or nation." But this case does not fall within the exception. The sergeant of the city of Richmond is *ex officio* the jailer thereof. The plaintiff was his deputy (a salaried public officer), and on duty at the time of the performance of the acts relied on by him to warrant a recovery. As such deputy he was in charge of the jail and prisoners. His only right of access to and control of the accused, Sam Tucker, was by virtue of his official position; and the confession in question was made to him while acting as a public officer, and, having been so obtained, the obligation forthwith to communicate it to the proper authorities became imperative. To hold otherwise, and that a jailer, in such circumstances, could withhold the information and turn it to his private gain, would set a dangerous precedent, and place a bonus on official dereliction.

By section 4197 of the Code, sheriffs, sergeants and other officers are expressly prohibited from receiving rewards for the arrest of any person by virtue of any process in their hands to be executed. Though the present case does not come within the letter of that statute, it serves to illustrate the legislative policy on the subject; and we may safely rest our denial of a recovery upon the well established ground of public policy, which forbids a person to receive a reward for doing his duty as a public officer.

For these reasons the judgment of the trial court must be reversed, the demurrer to the declaration sustained, and the case dismissed.

*Reversed.*